The Chief Justice delivered the opinion of the court.
Upon the facts set forth in the foregoing state of the case, I am of opinion that neither of the claims of William Scott, the defendant in scire facias, can be allowed to him as an offset against the demand of Garret H. Conover in that writ. Such set-off is not admissible, either under the statute or at common law.
*483 In respect to the first claim, there would seem some incongruity, if this court were now to decide that “ upon the facts contained in the state of the case set forth in the record of the judgment and proceedings in the action of covenant,” .Scott had a lawful claim against Conover, since the Court of Appeals have reversed the judgment of this court, rendered in favor of Scott, because, in their opinion, upon those facts ho was not legally entitled to recover. But on this subject it is unnecessary, and therefore it is not intended to express any opinion; for if Scott has a lawful claim against Conover, upon those facts, such claim cannot become the subject of a set-off against the demand of the present writ.
The judgment of the Court of Appeals resolves the question before us. It is not only that the judgment complained of be reversed, hut that the plaintiff in error “ be restored to all things which he hath lost on occasion of that judgment.” The latter clause is a part of the regular usual judgment of the appellate court when *the judgment [*408 below is set aside. 1 Lil. Entr. 227, 242, 244; Herne pl. 472; Arch. pr. forms. 234. And the design is to place the parties as nearly as practicable, in statu quo ante helium, as they were at the commencement of the suit in which the .erroneous judgment has been rendered. If the fact appears on the record, that the money mentioned in the judgment has been levied and paid, an execution for restitution may forthwith issue on the reversal, without intermediate process. Otherwise a writ of scire facias quare restitutionem non is to be previously sued out. 1 A.rch. pr. 237. The rule that the execution may in the former case promptly issue, is a very strong argument, that no off-set founded on the original cause of action can be set up. No instance has been cited, nor have I found one, in which a set-off of this mature has been made or attempted. And I should regret to believe it admissible on principle or by precedent. For it would seem to me it must equally apply to reversals here *484 on certiorari, and the evil would be incalculable, to have-the original cause of action set up here by way of set-off, under every notice or scire facias for restitution.
The second claim for use and occupation must be excluded on the same principles.
If the insolvency of Conover or any other of the circumstances mentioned in the state of the case, can entitle Scott to any other relief than may be obtained by the institution of a new suit at law, it must be through the intervention of a court of equity.
I am of opinion, therefore, that according to the stipulation contained in the state of the case, judgment should be rendered that Conover have restitution of the sums of money therein mentioned; And interest should be allowed on those-sums from the time they went into the hands of Scott. The allowance of interest is the uniform course of this court upon restitution, and without it the plaintiff in error would be very far from being restored to all things which he had lost' on occasion of the judgment.